OPINION
{¶ 1} Defendant ITT Hartford Insurance Group dba Twin City Fire Insurance Company appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which awarded plaintiff Richard E. Blackledge, as Administrator of the Estate of Tauni Blackledge, damages incurred upon Tauni's death. The court reduced the arbitration award of $1,950,000 to judgment, reduced it by a set off of $500,000, and awarded pre-judgment interest from February 24, 1997 to September 29, 2000. The insurance company assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST."
 {¶ 3} The trial court's judgment was entered on January 5, 2001. The trial court suspended the award of pre-judgment interest from September 29, 2000 to January 5, 2001. From this decision, Blackledge assigns a single error.:
Cross-Assignment of Error
 {¶ 4} "I. THE TRIAL COURT'S DECISION SUSPENDING PREJUDGMENT INTEREST FROM SEPTEMBER 29, 2000 TO JANUARY 5, 2001 WAS CONTRARY TO LAW AND ARBITRARY."
 {¶ 5} On February 24, 1997, Tauni Blackledge was killed when the car in which she was a passenger was involved in a motor vehicle accident. The tortfeasor was insured with $100,000 limits, which were paid shortly after the accident. After the 1999 decision in Scott-Pontzerv. Liberty Mutual Fire Insurance Company (1999), 85 Ohio St.3d 660,710 N.E.2d 116, Blackledge brought suit against Hartford and Cincinnati Insurance Company. At the time of the accident, Hartford had been the insurer for decedent's employer, with $500,000 limits. Cincinnati had issued a $2,000,000 UM/UIM umbrella policy. Hartford paid its limits on December 1, 1999, and Blackledge moved for arbitration against Cincinnati.
 {¶ 6} On September 20, 2000, the arbitration panel entered its finding that Blackledge was entitled to $1,950,000. Cincinnati was entitled to set off the $500,000 payment from Hartford and the final judgment against Cincinnati was $1,450,000.
 {¶ 7} On September 29, 2000, to avoid continuing interest, Cincinnati paid the award. Thereafter, Blackledge filed a motion to reduce the arbitration award to judgment, and for pre-judgment interest. Blackledge moved the court to award pre-judgment interest from February 24, 1997 and to order post-judgment interest on the judgment.
 {¶ 8} We will address Cincinnati Insurance Company's assignment of error first.
 {¶ 9} Cincinnati maintains the court erred in awarding pre-judgment interest. The trial court's judgment entry is twelve pages long, and analyzes Ohio case law regarding from what date the pre-judgment interest should be computed.
 {¶ 10} In Landis v. Grange Mutual Insurance Company (1998),82 Ohio St.3d 339, the Supreme Court held a trial court may award pre-judgment interest on an underinsured motorist benefit, but the court declined to set a definite date applicable to all cases. Instead, the Supreme Court held the trial court may determine whether the pre-judgment interest in any given case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date of which the arbitration of damages ended, or some other time, Landis at 342.
 {¶ 11} First, Cincinnati argues the court abused its discretion when it held the pre-judgment interest should not run from the date of the arbitration award. Cincinnati argues in this case, the claim against it became due and payable when the arbitrators decided the matter. Cincinnati argues the decedent was nearly two and one-half times the legal limit of intoxication, as was the driver. The trial court articulated Cincinnati's argument as being that an intoxicated passenger who accepts a ride from an intoxicated driver shares a fairly high percentage of comparative negligence. The trial court found the arbitration panel did not resolve the issue of comparative negligence, did not make findings of fact, and did not preserve a record for the court to review. The trial court found the issue of the comparative negligence was unsubstantiated, judgment entry, pages 9-10.
 {¶ 12} We agree with the trial court the issue of comparative negligence was not litigated in this case.
 {¶ 13} Next, Cincinnati argues the court abused its discretion in awarding pre-judgment interest from the date of the accident because Cincinnati wrote only the umbrella policy and the primary Scott-Pontzer
insurance company paid its limits shortly before the umbrella carrier. Under the terms of the Cincinnati policy, the claim was not due and payable until the underlying insurance was paid. The trial court rejected this argument, noting that the date is heavily influence by factors outside the control of the claimant. The court also found the date of exhaustion of underlying insurance will vary radically depending upon the business philosophy of a given insurance company.
 {¶ 14} In Zurcher v. National Surety Corporation (February 5, 2002), Stark Appellate No. 2001CA00197, this court reviewed a similar case in which a trial court awarded pre-judgment interest from the date of an accident against a Scott-Pontzer umbrella carrier. In Zurcher, this court applied an abuse of discretion standard, and found the date of the accident is one of the acceptable dates Landis suggests as starting points for pre-judgment interest awards. As in Zurcher, supra, we find here there is no showing the trial court abused its considerable discretion.
 {¶ 15} Cincinnati's third argument is that the plaintiff was not "made whole" by running pre-judgment interest from the date of the accident. The trial court did not address this issue. Cincinnati argues the $1,450,000 payment in and of itself would make Blackledge whole, and as such, the court should not have awarded pre-judgment interest. The trial court cited Landis, supra, and found it was necessary to award pre-judgment interest. In Landis, the Supreme Court relied heavily onRoyal Electric Construction Company v. Ohio State University (1995),73 Ohio St.3d 110. The court found an award of pre-judgment interest encourages prompt settlement and discourages defendants from opposing or prolonging legitimate claims. Pre-judgment interest is not a punishment, but a compensation intended to make the claimant whole for a lapse of time between its rule of the claim and judgment. We can find no abuse of discretion therein.
 {¶ 16} Finally, Cincinnati argues it is being held liable for interest beyond its coverage limits. Cincinnati argues it is only liable for damages and pre-judgment interest that do not exceed the policy limits of $50,000.
 {¶ 17} As Blackledge points out, the only limitation which R.C.1343.03 places on an interest award, is that it does not exceed ten percent per annum.
 {¶ 18} In Norton v. Allstate Insurance Company (March 26, 2001), Stark Appellate No. 2000CA348, this court found Landis, supra, does not require pre-judgment interest be limited by the available limits of coverage.
 {¶ 19} We find to require the total pre-judgment interest plus the award to be less than or equal to the policy limits would defeat the purpose of pre-judgment interest, and the public policy rationale underlying it.
 {¶ 20} We find the trial court did not abuse its discretion in awarding pre-judgment interest from the date of the accident, as permitted by Landis, supra.
 {¶ 21} The assignment of error is overruled.
 {¶ 22} We will now address the assignment of error raised by Blackledge. Blackledge argues the court's decision suspending pre-judgment interest from September 29, 2000, to January 5, 2001 was contrary to law and arbitrary. Simply stated, Blackledge argues the law in Ohio is that pre-judgment interest should accrue from the time of the claim to the judgment. Thereafter, post-judgment interest accrues until the judgment is paid out. Blackledge argues there is no provision in Ohio law for the court to end pre-judgment interest at a date prior to the date of judgment.
 {¶ 23} Cincinnati responds the court suspended the pre-judgment interest because Cincinnati paid the judgment to Blackledge on September 29, 2000. Thus, Cincinnati argues there is nothing arbitrary or illegal about the court's decision to end pre-judgment interest at the point where the judgment was paid.
 {¶ 24} If the purpose of pre-judgment interest is to make the plaintiff whole, then it would appear the plaintiff is made whole when he or she receives payment for the damages. We find the trial court did not err in suspending pre-judgment interest from the time the judgment was paid until the time when the judgment entry was filed.
 {¶ 25} The cross-assignment of error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Farmer J., and Boggins, J., concur.
topic: insurance